REYNOLDS J.
The building in question was erected by-Wilson who was a tenant of Brown. It was a small building and could easily have been removed. Still it was annexed to the soil in such a way as to make it a part of the freehold, unless it was erected by the tenant for the purposes of trade. If such a building had been erected by the owner of the soil, and he had sold the land without reserving the building, it would have passed to the purchaser as part of the freehold. It rested on sleepers, partly let into the ground, and was in no sense a mere portable chattel. But it is called a stand, which would seem to imply that it was erected for carrying on some trade, and that seems to have been the assumption on the trial. It being a trade fixture the tenant would have had a right to remove it during the term, or upon its expiration, and not afterward, but for the fact that his lease was sooner terminated, against his will, by a judgment of eviction in summary proceedings for the non-payment of rent. That judgment was rendered and executed on the 13th of July, and the tenant [or the plaintiff as his grantee] had a reasonable time after such ending of the lease to remove the building. Wood’s Landlord and Tenant, 907; Ewell on Fixtures, 147; Ombony v. Jones, 19 N. Y. 238.
The plaintiff, as grantee of the tenant, swears that he attempted to exercise the right of removal by making a demand of the defendants very early in August. It might have been a question for the jury whether the demand was made within a reasonable time after the tenancy was ended, but the defendants did not suggest that any such question should be submitted, or make any requests looldng toward that point.
Defendant Brown [the owner of the premises and the lessor of the other defendant], on the trial, disavowed any ownership of the building. This of course is inconsistent with the idea of the plaintiff or his grantor having abandoned the property to his landlord, or lost the right of removal by neglect to exercise it within the proper time.
On a review of the testimony it would appear to have been a serious question whether the plaintiff was the owner of the building at the time he says he made the demand.
But there was no request to charge which directed the attention of the judge to that point. The request made rather tended to divert attention from it; nor was there an exception to the charge, submitting the case on the question of demand.
We might disregard this, if it was apparent that injustice *841 bad been done, bnt it seems to be quite right that the plaintiff should have the building, or the value of it, and as no good exceptions seem to have been taken, the judgment should be affirmed.
CLEMENT, J. concurs.